IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARK H. PRICE,

                      Plaintiff,

  v.                                                 OPINION and ORDER

DON STRAHOTA, DAN WINKLESKI,
LARRY FUCHS, CARL HENRICHSEN,             19-cv-61-jdp
CORY M. RAHLF, and ERIC A. WEIGEL,

                      Defendants.

---

Plaintiff Mark H. Price, appearing pro se, is a prisoner at Stanley Correctional Institution. I screened Price's complaint and dismissed it because some of his allegations did not state claims for relief, and others were too vague for me to tell whether they could support claims. Dkt. 9. In particular, Price alleged that prison officials accused him of possessing drugs and then placed him in an observation cell with deplorable conditions in an effort to harass him, and that officials investigated him and convicted him of a disciplinary infraction without him receiving proper due process.

I concluded that Price could not bring a due process claim for being disciplined on thin or unreliable evidence because he had the ability to litigate the truthfulness of the conduct report through the hearing process. *Id.* at 4. I also stated that Price couldn't bring due process or Eighth Amendment claims because Price did not allege that the conditions he faced in his short-term observation cell or his longer-term segregation cell were harsh enough to violate the Eighth Amendment or to create a liberty interest protected by the Due Process Clause. *Id.* at 4–5. I directed Price to submit an amended complaint containing more detailed allegations to

explain the basis for his claims about the observation cell and his placement in solitary confinement.

Price has submitted an amended complaint, Dkt. 12, but I conclude that it has the same problems as his original complaint: his allegations are too vague to support claims for relief. Price alleges that he was placed in an observation cell for three days by defendant Carl Henrichsen to harass him, and that the cell was like a "torture chamber" because the cell was constantly illuminated, he was not allowed property, the water to the cell was shut off so that staff could examine his urine and feces (presumably for drugs), he wasn't allowed to shower, and his every move was recorded by a video camera. *Id.* at 5.

The Eighth Amendment prohibits cruel and unusual punishment, which includes inhumane conditions of confinement. *Rice ex rel. Rice v. Corr. Med. Serv's*, 675 F.3d 650, 664 (7th Cir. 2012). But most of the conditions he describes, such as being recorded and having his waste collected or showers restricted for three days, are not bad enough to state an Eighth Amendment claim. Being subjected to constant illumination *could* support a claim. *See, e.g.*, *Walker v. Schult*, 717 F.3d 119, 126 (2d Cir. 2013) ("[S]leep is critical to human existence, and conditions that prevent sleep have been held to violate the Eighth Amendment."). But Price seems to suggest that he was able to sleep for hours at a time despite the light, so he doesn't state a claim on that issue either.

Price also provides no further information in his amended complaint about the conditions of his solitary-confinement cell, so he fails to show that he faced unusually harsh conditions that might support a due process claim for flaws in the procedures that placed him there. *See Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697–98 (7th Cir. 2009) ("a liberty interest may arise if the length of segregated confinement is substantial and the record reveals

2

that the conditions of confinement are unusually harsh."). So I will not allow him to proceed on claims about his placement in solitary confinement.

Price also amends his complaint to add a new theory for relief on his due process claims: he states that defendants orchestrated false charges against him as part of an ongoing campaign by law enforcement officials to keep him in prison. But these new allegations are also too vaguely pleaded to state a constitutional claim.

Price provides court documents showing that he was the victim of prosecutorial misconduct in a 1994 case and that his conviction for threatening a public official was vacated in 2007. I take Price to be saying that defendants' alleged actions here are connected to that prosecutorial misconduct because "[o]fficials who benefited by cooperating and even conspiring with [the corrupt prosecutor] . . . are still working within the judicial and corrections system." Dkt. 12, at 4. But that is too vague of an allegation to support a claim against any of the named defendants because Price doesn't explain how any of them were connected to the past misconduct. Price also states that he has been harmed by the now-vacated criminal conviction for threatening a public official because DOC officials haven't removed that conviction from his prison records. But he doesn't say that this is the fault of any of the named defendants, so there is no reason to think that such a claim belongs in this lawsuit.

Price also suggests that he faces the potential of longer incarceration because of the 2017 disciplinary conviction: he vaguely states that "due to defendants' actions, [he] was denied access to the court . . . [making him] unable to be re-sentenced until these matters are resolved." *Id.* at 6. And he suggests that his ability to be paroled or have his sentence modified was affected by the disciplinary conviction. But he doesn't explain what he means by that. The *potential* to affect a prisoner's duration of confinement is not enough to trigger due process

3

protections. *See Sandin v. Conner*, 515 U.S. 472, 487 (1995). Rather, a prisoner is entitled to due process protections if the discipline that he receives "will inevitably affect the duration of his sentence." *Id.* The usual way a prisoner brings this type of due process claim is by alleging that the disciplinary conviction cost him good-time credits, but Price does not allege that here. Rather, he concedes that the disciplinary conviction was vacated.

Because Price's allegations either do not state claims for relief or remain too vague to support a claim, even after I gave him an opportunity to fix his pleading problems, I will dismiss the case for his failure to state a claim upon which relief may be granted. That means that I must assess him a "strike" under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1. This case is DISMISSED for plaintiff Mark H. Price's failure to state a claim upon which relief may be granted.

2. Plaintiff is assessed a strike under 28 U.S.C. § 1915(g).

Entered November 20, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge